## APPEALS OF HARRIET A. TAYLOR AND JOHN J. ROWE.

Docket Nos. 3066, 3067.   Submitted May 29, 1925.   Decided November 4, 1925.

> On the evidence, *held*, that partnership income was to be distributed equally among the partners.

*E. C. Gruen, C. P. A.*, for the taxpayers.
*Blount Ralls, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

### FINDINGS OF FACT.

The taxpayers are members of the partnership of Rowe & Kennedy, Canaseraga, N. Y. The names of the partners and their respective contributions to the capital of the partnership are as follows:

|                        | Per cent. |
| ---------------------- | --------- |
| John J. Rowe           | 48½       |
| J. Gordon Rowe         | 1½        |
| Harriet A. Taylor      | 48½       |
| J. William Taylor      | 1½        |

J. Gordon is the son of John J. Rowe and J. William Taylor is the husband of Harriet A. Taylor. The fiscal year of the partnership has always ended on August 31, and in late September or early October of 1918, in determining the policy of the partnership for the new fiscal year, it was agreed that for that and the succeeding years the profits of the partnership should be equally divided among the several copartners instead of in proportion to their capital contributions. Harriet A. Taylor, on behalf of the partnership, executed its income-tax return for its fiscal year 1919. In this return the profits of the partnership were shown as being divided among the several partners according to the percentages prevailing before the arrangement above referred to was effective. The individual partners, in their Federal and State income-tax returns for 1919, show the profits from the partnership to have been divided equally. Simultaneously with the filing of the individual returns, the partnership filed an amended return showing the profits to have been distributed as stated in the individual returns.

In April, 1918, J. Gordon Rowe, being then in the military service, went overseas and did not return until the latter part of March or

the first of April, 1919. He was not consulted about the change in distribution of profits, though he was advised thereof by letter. Immediately upon his return he entered actively into the partnership's business.

The original 1919 return was prepared for the partnership by John W. Sanborn, at that time employed in one of the banks in Canaseraga. In the preparation of this return he was guided by the retained copy of the return for the previous year and thus caused the 1919 return to show the profits to be divided unequally among the members. Harriet A. Taylor, at the time she executed the return on behalf of the partnership, was in ill health, and it appears that she had not carefully scrutinized it. Only a small part of the profits earned in 1919 and subsequent years has been distributed to the partners, it being the policy of the partnership, in so far as possible, to leave all earnings in the business.

The Commissioner concluded that the profits were allocated in accordance with the statements in the original 1919 return.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

GREEN: It is fundamental in the law of partnerships that the profits therefrom need not be divided according to the capital contributions of the several partners, and that the percentages to be received by the individual partners may be varied from time to time as they agree. This being true, the only question presented to us is whether these parties actually effected a new arrangement for the distribution of profits. From all of the evidence presented we are convinced that the agreement for the distribution and the actual distribution of profits was made as claimed by the taxpayers.